UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ADAM HAWTHORNE, | ) | |
| Plaintiff, | ) | 3:12-cv-00603-LRH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| DONALD HELLING, *et al.*, | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On April 15, 2013, Magistrate Judge Cooke issued an order dismissing the complaint with leave to amend and directing plaintiff to file an amended complaint within thirty days. (ECF No. 5). The thirty-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

1  Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,
2  1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local
3  rules).

4      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
5  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
6  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
7  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
8  (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at
9  1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10     In the instant case, the court finds that the first two factors, the public's interest in
11 expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor
12 of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,
13 since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
14 ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
15 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly
16 outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a
17 party that his failure to obey the court's order will result in dismissal satisfies the "consideration of
18 alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*,
19 779 F.2d at 1424. The court's order requiring plaintiff to file an amended complaint within thirty
20 days expressly stated: "It is further ordered that if plaintiff fails to file an amended complaint curing
21 the deficiencies outlined in this order, this action will be dismissed with prejudice." (ECF No. 5, at p.
22 6). Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with
23 the court's order to file an amended complaint within thirty days.

24     **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE**
25 based on plaintiff's failure to file an amended complaint in compliance with this court's order of
26 April 15, 2013.
27 ///
28 ///

1  **IT IS FURTHER ORDERED** that the clerk of court shall enter judgment accordingly.

3  Dated this 24th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE