1
2
3
4
5
6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9   ADAM HAWTHORNE,                        )
                                           )
10              Plaintiff,                  )        3:12-cv-00603-LRH-VPC
                                           )
11  vs.                                    )
                                           )        **ORDER**
12  DONALD HELLING, *et al.*,               )
                                           )
13              Defendants.                )
   _____/

14

15        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state

16  prisoner.  On April 15, 2013, Magistrate Judge Cooke issued an order dismissing the complaint with

17  leave to amend and directing plaintiff to file an amended complaint within thirty days.  (ECF No. 5).

18  The thirty-day period has now expired, and plaintiff has not filed an amended complaint or otherwise

19  responded to the court's order.

20        District courts have the inherent power to control their dockets and "in the exercise of that

21  power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson*

22  *v. Housing Auth.*, 782 F.2d 829, 831 (9ᵗʰ Cir. 1986).  A court may dismiss an action, with prejudice,

23  based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply

24  with local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9ᵗʰ Cir. 1995) (dismissal for

25  noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9ᵗʰ Cir. 1992)

26  (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*,

27  856 F.2d 1439, 1440-41 (9ᵗʰ Cir. 1988) (dismissal for failure to comply with local rule requiring *pro*

28  *se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9ᵗʰ

1   Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

2   1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local

3   rules).

4          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

5   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

6   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

7   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

8   (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at

9   1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10         In the instant case, the court finds that the first two factors, the public's interest in

11   expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor

12   of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

13   since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

14   ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.

15   1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly

16   outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a

17   party that his failure to obey the court's order will result in dismissal satisfies the "consideration of

18   alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*,

19   779 F.2d at 1424.  The court's order requiring plaintiff to file an amended complaint within thirty

20   days expressly stated:  "It is further ordered that if plaintiff fails to file an amended complaint curing

21   the deficiencies outlined in this order, this action will be dismissed with prejudice." (ECF No. 5, at p.

22   6).  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with

23   the court's order to file an amended complaint within thirty days.

24         **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE**

25   based on plaintiff's failure to file an amended complaint in compliance with this court's order of

26   April 15, 2013.

27   ///

28   ///

2

1    **IT IS FURTHER ORDERED** that the clerk of court shall enter judgment accordingly.

2

3    Dated this 24th day of June, 2013.

4

5    _____
     LARRY R. HICKS
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28